IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL LYN NISBET,<br><br>Defendant. | CR 15–40–M–DLC–02<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered findings and recommendations in this case on December 14, 2016, recommending that no restitution be imposed against Defendant Paul Lyn Nisbet ("Nisbet"). Nisbet did not object to the findings and recommendations, and so has waived the right to de novo review thereof. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Having reviewed the findings and recommendations, the Court finds no clear error in Judge Lynch's conclusion that no restitution be imposed against Nisbet. The Court agrees with Judge Lynch that the Government has not met its burden of establishing by a preponderance of the evidence that the attorney fees incurred by Vann's ESOP participants in pursuing a civil suit against Nisbet were the direct result of Nisbet's criminal conduct. The Government also did not establish by a preponderance of the evidence that the amount of the victims' alleged losses were the direct and foreseeable result of Nisbet's criminal conduct.

Accordingly, IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 152) are ADOPTED IN FULL.

DATED this 10th day of January, 2017.

Dana L. Christensen, Chief Judge
United States District Court